County of Franklin v. Layman.

## THE COUNTY OF FRANKLIN

### v.

## THOMAS J. LAYMAN AND WILLIAM J. ALLEN.

*Attorney and Client—Conditional Contract under Which the Legality of Certain Bonds Was to be Tested.*

1.  Whether or not an alleged contract was entered into is, in a given case, a question of fact for the jury.

2.  A thing which is within the object, spirit and meaning of a statute is as much within the same as if it were within the letter.

3.  In view of Par. 23, clause 3, Chap. 34, Starr & C. Ill. Stats., a county board can take steps to defeat the collection of a tax assessed to pay an apparent, but in fact an illegal debt of the county, and procure a final adjudication declaring void and invalid certain bonds, to pay the interest upon which such tax was assessed.

4.  Attorneys who have entered into a contract to institute legal proceedings to test the validity of municipal bonds (the contract providing for certain fees in case they were held to be invalid) can not be required to depart from their own view of the law as to the manner of making such test, or to appear and defend every suit that may be brought thereon against a given county, unless it is necessary to do so to avoid liability on the part of the county being enforced against it: and the fact that they were notified in a given case of the institution of a suit in a court named, and that they declined to appear and defend the same, will be no defense to their right of recovery upon said contract, if the result of the litigation as instituted and carried on by them was, that the bonds were held invalid, or that taxes could not be collected to pay the same.

5.  In the absence of such contract with the county board, a contract with an individual by which the same result would ensue would create no liability against the county.

6.  The right to levy a tax, and to make an assessment to pay it, for the purpose of raising money to pay the interest on such bonds, being determinable by an exception to the application of the collector for judgment against delinquent lands, the fact that that method was selected by such attorneys and prosecuted in the name of an individual tax payer was within the contract in the case presented, and such proceeding resulting in a judgment that would defeat the collection of the bonds, would warrant a recovery of the fees agreed upon.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of Perry County; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. F. M. YOUNGBLOOD, for appellant.

Messrs. W. K. MURPHY and W. J. N. MOYERS, for appellees.

PHILLIPS, P. J.   This cause was before this court at the

August term, 1889, and is reported as the County of Franklin v. Thomas J. Layman, 34 Ill. App. 606. The facts appearing in the record, at this time, and the facts as then before the court are substantially the same. The cause when before us as reported in 34 Ill. App., was reversed for error in the giving of an instruction; we then said, "It is insisted under these assignments, that the contract of November 7, 1883, above mentioned, even if proven to have been made, was *ultra vires*, and not binding upon the county, because, in the proceedings to test the validity of the $100,000 series provided by the contract, it was not stipulated that the county should be party plaintiff or defendant, but Richeson or some other tax payer of the county; and because the contract provided for the payment of a contingent fee for professional services employed to defeat the collection of a tax charged on a State assessment. Par. 24, clause 3, Chap. 34, Starr & C. Ill. Stats., provides, each county shall have power 'to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers.' Par. 23 provides that the county board can exercise the powers granted to the county as a body corporate or politic. In the exercise of the power 'to do all other acts in relation to the concerns of the county,' the county board could lawfully take steps to defeat the collection of a tax assessed to pay an apparent, but in fact an illegal debt of the county, and procure a final adjudication declaring void and invalid said bonds, to pay the interest upon which such tax was assessed, and thereby relieve the tax payers of the county from an unjust and an illegal burden. A contract made for this purpose was within the object and spirit of the statute, and we see no good reason to hold the mode adopted to test the validity of the bonds was forbidden by law, or was improper. A thing which is within the object, spirit and meaning of the statute, is as much within the statute as if it were within the letter." Potter's Dwarris on Stat., 179.

Holding this contract not invalid, or against public policy, we would not disturb the verdict of the jury had they been properly instructed. It appears from the evidence in this

record that on May 22, 1880, appellees, who were attorneys at law, entered into a written contract with appellant, by which they were to institute legal proceedings to test the legality and validity of certain bonds issued by appellant to the Belleville & Eldorado R. R. Co.; one series of $100,000 issued under the act of 1861, and the other series of $49,000 issued under the act of 1849. By the terms of the contract, if appellees were successful in having those bonds found invalid they were to be paid $8,000 for their services, in addition to the amount of a retainer then paid of $250. All the bonds were of the denomination of $1,000 each.

Under the contract originally made between appellant and appellees, the appellees, at the October term of the Circuit Court of 1880, of Franklin County, on a bill for injunction against the unknown owners of all said bonds, obtained a decree by default perpetually enjoining the collection of taxes and declaring the bonds void. At a subsequent term that decree was opened on the petition of holders of certain of said bonds, and the cause was transferred to the Circuit Court of the United States for the Southern District of Illinois, where, on July 3, 1883, a decree was entered finding that thirteen of the bonds issued under the act of 1849 were issued without authority of law and were void. The owners of those thirteen bonds were before the court and as to them the injunction was made perpetual; and the bill was dismissed without prejudice as to thirty-six of the bonds issued under the act of 1849, the owners of which were not then before the court. Under that decree the owners of thirty-six of the bonds issued under the act of 1861 were before the court, and as to those owners and those bonds the bill was dismissed for want of equity, and as to that part of the decree dismissing the bill as to thirty-six of the bonds issued under the act of 1861 appellees were desirous of prosecuting an appeal or writ of error, but the county board failed to comply with their request to do so.

On the 7th of November, 1883, appellant paid appellees $2,634.24 for their services in reference to the bonds of 1849; and on that date entered into the contract of November 7, 1883, referred to in the opinion of this court in 34 Ill. App.,

from which the above quotation is made. No taxes were assessed to pay interest on the bonds issued under the act of 1861, from 1880 until 1884, but an assessment being made in 1884 for taxes levied to pay interest on the bonds of 1861, the county collector applied for judgment against delinquent lands at the May term, 1885, of the County Court of Franklin County, and appellees filed objections in the name of Richard Richeson, a tax payer of said county, to the rendition of such judgment, which were overruled by the County Court and a judgment entered against the land for such taxes, from which judgment an appeal was prosecuted by Richeson, on the hearing of which the judgment of the County Court was reversed. The opinion of the Supreme Court, reversing the judgment of the County Court, is reported as Richeson v. The People, 115 Ill. 450. The effect of that opinion is that the bonds issued under the act of 1861 were declared invalid and no taxes to pay interest on principal of said bonds have been assessed, or levy made since the filing of that opinion, and the county received from the State treasurer the sum of $9,069 theretofore collected in Franklin County to pay interest on that series. And after the receipt of that money and the facts in reference to the same, and the conclusion from the decision in the Richeson case, were entered of record by the county board of Franklin County, appellees presented their account in writing to the board in session and demanded payment of the balance of amount claimed to be due them, viz., $5,365.76, and payment was refused. The facts as to whether the contracts of 1880 and 1883 were entered into were questions for the jury, and while the evidence is conflicting as to the contract of 1883, the evidence in the record clearly warrants the finding by the jury that such contract was entered into, and we having heretofore adjudged that such contract was valid, if made, it was not error to allow evidence of such contracts to go to the jury; nor was there error in the admission of evidence for plaintiff, nor was it error to give the first and second instructions asked by plaintiff, with reference to the contract of 1883, nor to refuse instructions one, two, three, four, five and six asked by defendant, which

are based on the theory that the contract of the 7th of November, 1883, was invalid. The appellees having undertaken to institute legal proceedings to test the validity of the bonds, they can not be required to depart from their own view of the law as to the manner of testing the validity of the bonds, and to appear and defend every suit that may be brought thereon against the county, unless it was necessary to do so to avoid liability on the part of the county being enforced against it; and the fact the appellees were notified of the institution of a suit in the United States Circuit Court and declined to appear to defend the same, would not be a defense to their right of recovery if the result of the litigation, as instituted and carried on by them, was that the bonds were held invalid, or that taxes could not be collected to pay the same.

It was not error to refuse the seventh instruction, which was on the theory that if they did so refuse they could not recover.

The right to levy a tax and to make an assessment to pay the same for the purpose of raising money to pay the interest on those bonds, could be determined by an exception to the application of the collector for judgment against delinquent lands. And the fact that that method was selected by appellees and prosecuted in the name of an individual tax payer, was clearly within the spirit of their contract, and if a proceeding so instituted resulted in a judgment that would defeat the collection of the bonds, they would have a right to recover the fee agreed upon. And while the county board would have no right to pay a fee for services rendered an individual, it not being within their power to so contract for such services alone, yet where, in the prosecution of a purpose that is to inure to the advantage of the county, and to avoid its liability on the bonds issued, and in pursuance of a contract on the part of the county, lawfully entered into, a method is adopted and counsel employed under such contract to determine and test the validity of the bonds in that manner, and such method is within the spirit of the contract, and the effect of the adjudication in the litigation thus had is to discharge the county from liability, it can not be said that such contract for the

payment of services so rendered is *ultra vires*.    The absence
of a contract with the county board of that character, and a
contract with an individual by which the same result would
ensue, would, however, create no liability against the county.

The verdict of the jury finding for the plaintiffs in the sum
of $5,365.76 was sustained by the evidence.    We find no error
in the record and the judgment is affirmed.

*Judgment affirmed.*